UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JONATHAN SCHNEIDER, *et al.*,

               Plaintiffs,

-against-

MAHOPAC CENTRAL SCHOOL DISTRICT;
ANTHONY DiCARLO, SUPERINTENDENT;
DR. GREG STOWELL, ASSISTANT
SUPERINTENDENT; BEN PALLANT,
SCHOOL PHYSICIAN; LESLIE MANCUSO,
SCHOOL BOARD PRESIDENT; MICHAEL
MONGON, SCHOOL BOARD VICE
PRESIDENT' DAVID FURFARO, SCHOOL
BOARD; LAWRENCE KEENE, SCHOOL
BOARD; RAY McDONOUGH, SCHOOL
BOARD; LUCY MASSAFRA, SCHOOL
BOARD; MARC O'CONNOR, SCHOOL
BOARD; ADAM SAVINO, SCHOOL BOARD;
MICHAEL SIMONE, SCHOOL BOARD,

               Defendant.

20-CV-0709 (CS)

ORDER

---

CATHY SEIBEL, United States District Judge:

Plaintiff Jonathan Schneider, appearing *pro se*, files this complaint, on behalf of his minor child J.S., and other members of his family, alleging that Defendants violated their rights under Section 504 of the Rehabilitation Act.[1]

A.   **Claims on behalf of others**

Plaintiff Jonathan Schneider lists the names of other individuals, in addition to his minor child, as Plaintiffs in the caption of the complaint. But Jonathan is the only Plaintiff who signed the cover letter accompanying his complaint and supporting documentation. The complaint, however, is not signed by anyone. *See* Fed. R. Civ. P. 11(a) (signature requirement for Court

---

[1] Plaintiff paid the filing fees required to file this action.

submissions). As a nonattorney litigant appearing *pro se*, Jonathan cannot represent anyone, including his minor child, in this action. *See, e.g., Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[b]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause"); *see also Wenger v. Canastota Central Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) (*per curiam*) (minor children, "'are entitled to trained legal assistance so their rights may be fully protected'") (quoting *Cheung*, 906 F.2d at 61); *Fauconier v. Committee on Special Education*, ECF 1:02-CV-1050, 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003) ("court has an affirmative duty to enforce the rule that a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child") (citing *Cheung*, 906 F.2d at 61); Fed. R. Civ. P. 17(c) (infant or incompetent person may sue by his legal representative or guardian *ad litem*); 28 U.S.C. § 1654 (parties may conduct own cases personally or by counsel).

The Court regards Jonathan Schneider as the only Plaintiff in this action and dismisses without prejudice any claims he asserts on behalf of the other Plaintiffs listed.

**B.     Rule 5.2(a) of the Federal Rules of Civil Procedure**

Plaintiff's civil cover sheet, complaint, and supporting documentation include the full name of a minor child. Rule 5.2(a) of the Federal Rules of Civil Procedure requires that Court filings referring to such information include only: the last four digits of a person's Social Security number, the year of a person's birth, and the minor's initials. Fed. R. Civ. P. 5.2(a)(1) - (3). A person who fails to redact such information or file it under seal waives the protections of Rule 5.2 as to his or her own information. *See* Fed. R. Civ. P. 5.2(h).

Because the civil cover sheet, complaint, and supporting documentation reveal the full name of Plaintiff's minor child, the Court directs the Clerk of Court to limit electronic access to these documents (ECF Nos. 1, 1-1, 2) to a "case-participant only" basis. Plaintiff must comply with Rule 5.2(a)(3) when submitting any documents in the future.

2

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket.[2]

Plaintiff Jonathan Schneider is the only Plaintiff in this case. The Court dismisses without prejudice the claims of the other Plaintiffs named in the caption of the complaint.

Because the civil cover sheet, complaint, and supporting documentation reveal the full name of Plaintiff's minor child, the Court directs the Clerk of Court to limit electronic access to these documents (ECF Nos. 1, 1-1, 2) to a "case-participant only" basis.

Plaintiff must comply with Rule 5.2(a)(3) when submitting any documents in the future.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: 1/30/20
White Plains, New York

_____
CATHY SEIBEL
United States District Judge

---

[2] Plaintiff has consented to receive electronic service of notices and documents in this case. (ECF No. 3.)

3