UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN M. SCHNEIDER,<br><br>                              Plaintiff,<br><br>-against-<br><br>MAHOPAC CENTRAL SCHOOL DISTRICT, et al.<br><br>                             Defendants. | 20-CV-00709-CS<br><br>**ORDER GRANTING PRO BONO COUNSEL** |

Cathy Seibel, United States District Judge:

      The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of mediation in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## DISCUSSION

      Plaintiff asserts claims under section 504 of the Rehabilitation Act, 28 U.S.C. § 1983, and the First Amendment, alleging that he and his son were retaliated against after expressing concerns regarding the services and accommodations for his son's multiple disabilities.

      The Court will request that counsel appear for the limited purpose of mediation before a Magistrate Judge.

      Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order. In particular, pro bono counsel will not be required to respond to a dispositive motion. In the event that the defendant(s) file(s) a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of mediation.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purposes described above. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  October 1, 2020
        White Plains, New York

*Cathy Seibel*
_____
Cathy Seibel
United States District Judge

3